

FILED
VANESSA L. ARMSTRONG
OCT 23 2020
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                                       CRIMINAL ACTION NO. 3:20CR47-DJH

MELVIN DOWELL                                                                              DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Melvin Dowell, and his attorney, Wallace N. Rogers, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 1470 and 2422(b). Defendant further acknowledges that the Indictment in this case seeks forfeiture, pursuant to 18 U.S.C. §§ 1467 and 2428, all of the right, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

2. Defendant has read the charges against him contained in the Indictment, and the charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1 and 2 of the Indictment. The parties agree to the following factual basis for this plea:

> While authorized by the Kentucky Attorney General to conduct undercover investigations on the Internet, a detective with the Department of Criminal Investigations conducted such an investigation on August 14, 2019. The detective created a Craigslist ad posted to the Louisville Craigslist Website under the "activity partners" section. The ad was titled "bored girl." The body of the ad read, "*So i just moved and like to talk to*

*some new people. I'm young wf in etown so if your close maybe we can talk. Can chat on kik or maybe text after we know each other. Not looking for random hook up! lol"* An unknown subject (later identified as Dowell), used the Craigslist Email system and contacted the undercover detective a short time later.

The detective maintained the undercover persona (UC) of a minor female during the entirety of the operation. At the onset of the conversation the UC advised that she was "15." The UC and Dowell communicated over e:mail and eventually text message. Dowell directed the conversations to a sexual nature. He requested "naked" images of the UC, requested details about the UC's sexual history, sent sexually explicit images of himself, and requested to meet the UC to engage in sex acts.

On August 30, 2019, law enforcement officials agreed to meet Dowell at a predetermined location in Elizabethtown, Kentucky. Dowell continued to communicate with the UC and gave updates to his arrival time while in route. At approximately 6:38 p.m., Dowell stated he had arrived at the location. At the same time, a red Ford Ranger PK pulled into the driveway of the house where the two had agreed to meet. Dowell then exited the vehicle and entered the residence. Law enforcement officials arrested Dowell. A pat down search revealed that Dowell had two Skyn brand, non-latex condoms (as discussed during their communications).

After having been advised of constitution rights, Dowell agreed to answer questions without a lawyer present. Dowell admitted that he had met a person online that stated they were a minor. He went on to say that he traveled to the location where he was arrested after discussing sex acts with her. He also admitted using the Internet to engage in the conversations via his cell phone. Dowell stated that his cell phones were inside the truck he drove to the location.

Law enforcement officials retrieved the cell phones. Search of the phones following issuance of a search warrant revealed the e:mail and text conversations between Dowell and the UC. The search also revealed the images sent and received during the communications with the UC – including the sexually explicit image of Dowell.

4.      Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years, a maximum term of life imprisonment, a maximum fine of $500,000.00, a $5,000.00 mandatory assessment if the defendant is not indigent, and supervised release of at least five years and could be any number of years, up to and including life, which the Court may specify. Defendant understands that an additional term

2

of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the United States District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

> A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

   B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment count to which he pleads guilty.

  9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200.00 to the United States District Court Clerk's Office by the date of sentencing. Defendant further acknowledges that he is mandated to pay a $5,000.00 special assessment, pursuant to 18 U.S.C. § 3014, if the Court finds that he is non-indigent.

  10. Defendant acknowledges that the crime in Count 1 to which he is pleading guilty is covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259. However, due to the undercover nature of the investigation, there is no identifiable victim. Consequently, there is no request for restitution. The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters will be left for resolution at the time of sentencing.

  11. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §§ 3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing, based upon a determination of the defendant's ability to pay as set out in the Presentence Investigation Report.[1]

-recommend forfeiture of the 2007 Ford Ranger Super Cab VIN 1FTYR15E77PA58806).

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

location of the defendant's school. Registration will require that the defendant provide Information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry

of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service

19. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture, specifically, a BLU Dash XL phone, and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency. The parties agree to argue their respective positions regarding forfeiture of the 2007 Ford Ranger Super Cab VIN 1FTYR15E77PA58806) at the time of sentencing.

20. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

21. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence.

22.  This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____     10/23/2020
Jo E. Lawless                                          Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     10/23/2020
Melvin Dowell                                       Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     10/23/2020
Wallace N. Rogers                                Date
Counsel for Defendant

RMC:JEL:201008

8