UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | CRIMINAL ACTION NO. 3:20CR47-DJH |
| MELVIN DOWELL | DEFENDANT |

*Electronically filed*
**SENTENCING MEMORANDUM**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and files its memorandum in support of sentencing scheduled for April 8, 2021.

I. Factual Background

In August 2019, a Detective with the Kentucky Attorney General's Office Department of Criminal Investigations took part in an undercover investigation on the Internet. The detective created a Craigslist ad posted to the Louisville Craigslist Website under the "activity partners" section. The ad was titled "bored girl." The body of the ad read, "*So i just moved and like to talk to some new people. I'm young wf in etown so if your close maybe we can talk. Can chat on kik or maybe text after we know each other. Not looking for random hook up! lol*" An unknown subject (later identified as Dowell), used the Craigslist Email system and contacted the undercover detective a short time later. The initial communication occurred on August 14, 2019.

The detective maintained the undercover persona (UC) of a 15-year-old girl during the entirety of the operation. Specifically, at the onset of the conversation the UC advised that she was "15." The UC and Dowell communicated over e:mail and eventually text message. Dowell directed the conversations to a sexual nature. He requested "naked" images of the UC, requested

details about the UC's sexual history, sent a sexually explicit image of himself, and requested to meet the UC to engage in sex acts.

On August 30, 2019, law enforcement officials agreed to meet Dowell at a predetermined location in Elizabethtown, Kentucky. Dowell continued to communicate with the UC and gave updates regarding his arrival time while en route to the location. At approximately 6:38 p.m., Dowell stated he had arrived at the location. At the same time, a red Ford Ranger PK pulled into the driveway of the house where the two had agreed to meet. Dowell got out of the truck and entered the residence. Law enforcement officials arrested Dowell. A pat down search revealed that Dowell had two Skyn brand, non-latex condoms. The UC and Dowell had specifically talked about non-latex condoms during their online communications.

After having been advised of constitution rights, Dowell agreed to answer questions without a lawyer present. Dowell admitted that he had met a person online that stated they were a minor. He went on to say that he traveled to the location where he was arrested after discussing sex acts with her. He also admitted using the Internet to engage in the conversations via his cell phone. Dowell stated that his cell phones were inside the truck he drove to the location.

Law enforcement officials retrieved the cell phones. Search of the phones following issuance of a search warrant revealed the e:mail and text conversations between Dowell and the UC. The search also revealed the images sent and received during the communications with the UC – including the sexually explicit image of Dowell.

## II. Crimes of Conviction

Dowell pled guilty to the charges in the Indictment. The charges involved violations of 18 U.S.C. §§ 1470 and 2422(b) (transfer of obscene material to a minor under the age of 16 and

online enticement).  He pled guilty pursuant to a written Fed. R. Crim. P. 11(c)(1)(B) Plea Agreement.

### III.  Sentencing Guidelines calculations

Even in the post-*Booker* sentencing era, the United States Sentencing Guidelines serve an important role in the federal sentencing process.  *See United States v. Anderson*, 526 F.3d 319 (6th Cir. 2008).  Correct calculation of the advisory Guideline Range is the first step.  *See, e.g., United States v. Turner*, 2018 WL 6264062 at *5 (6th Cir. Nov. 28, 2018) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also*, *United States v. Shalash*, 2018 WL 6721217 at *3 (6th Cir. Dec. 20, 2018) (quoting *United States v. Tanner*, 837 F.3d 596, 601 (6th Cir. 2016)("[f]ailure to calculate the Guidelines range correctly generally results in plain error.")

The Guideline calculations set out in the presentence investigation report (PSR) are correct.  Therefore, United States has no objection to the calculations.

### IV.  Criminal History

The United States concurs with the criminal history calculation as set out in the final PSR.

### V.  Statutory Factors

**A.  Minimum and maximum penalties**

The mandatory minimum term of imprisonment required for the enticement charge is 10 years.  The maximum potential term of imprisonment is life.  And, the applicable term of Supervised Release is not less than five years and could be any number of years up to and including life.  There is a mandatory $5,000.00 special assessment, per count, if the Court determines that the defendant is not indigent.  *See* 18 U.S.C. § 3014.  With regard to the transfer of obscene material charge, there is no mandatory minimum. The maximum potential penalties are 10 years in prison, a $250,000.00 fine, and Supervised Release of no less than five years and could be any number of years up to and including life.

**B. U.S.S.G. range**

The United States respectfully submits that the appropriate adjusted offense level is 27. Set against a Criminal History Category I, the range is 120 months in prison due to the statutorily required sentence of at least 120 months.

**C. 18 U.S.C. § 3553(a) factors**

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. Those factors include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines
. . .

(5) any pertinent policy statement--
. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

4

18 U.S.C. § 3553(a).

Dowell is a 55-year-old man who stands convicted of serious crimes involving attempted online enticement and transfer of obscene material to a minor. As set out above, he communicated with an undercover law enforcement officer posing as a 15-year-old girl over the course of more than two weeks. During the online communications, he directed the conversation to sex and sent her a sexually explicit image of himself. Dowell requested naked images of the 15-year-old. Ultimately, he arrived at the agreed upon location to engage in sex with the minor – bringing along the non-latex condoms the two had discussed. Every indication is that he was prepared to engage in sex with a child nearly 40 years his junior. He admitted what he had done during the post-*Miranda* interview.

With regard to his history and characteristics, Dowell has no criminal history. He is a lifelong resident of the Meade and Hardin County, Kentucky, area. He graduated from high school and spent 30 years working for an automotive company prior to his arrest. There is no history of substance abuse. A family member indicated a history of sexual addiction for which treatment would be beneficial.

The statutorily mandated sentence of 10 years in prison reflects the seriousness of the offenses, promotes respect for the law and provides just punishment. The United States respectfully requests that the Court impose a 10-year term of Supervised Release to follow the 10-year term of imprisonment called for in the Plea Agreement. The combined sentence of 10 years in prison followed by 10 years of Supervised Release serves as a deterrent to Dowell and others who may contemplate similar conduct. It also protects the public from further crimes of the defendant. The recommended sentence does not run afoul of the need to avoid sentencing disparities, in light of individualized sentencing. And, importantly, the 10-year term of

Supervised Release will provide Dowell with a safety net of support and supervision by a United States Probation Officer to insure follow-up mental health and compliance with court directives. More than the minimum term of Supervised Release called for by the statute is necessary to support Dowell and protect the public.

Additionally, 18 U.S.C. § 3014 requires a $5,000 assessment unless the Court determines that Dowell is indigent. The PSR reflects his ability to pay both the assessment and a fine.

## VI.  Forfeiture

The Indictment included a forfeiture notice. The Plea Agreement and discussions during the change of plea hearing revealed that forfeiture of the 2007 Ford Ranger Super Cab VIN 1FTYR15E77PA58806 should be addressed at the time of sentencing. A motion for preliminary order of forfeiture is being filed simultaneously with the instant sentencing memorandum.

When a defendant is charged with attempted online enticement of a minor, the United States must prove, as elements of the offense, that the defendant intended to commit the crime of enticement and that the defendant did some overt act that was a substantial step towards committing the crime of enticement.  *See* Sixth Circuit Pattern Jury Instructions 5.01 (2017). Merely preparing to commit a crime is not a substantial step.  *Id*.

In the case at bar, the substantial steps taken by Dowell included, at the least, the following:

1. Communications over the course of 16 days during which Dowell sent a sexually explicit image of himself to the UC while discussing sexual activity between the two;
2. Purchasing and bringing non-latex condoms to the meeting location as discussed during the online communications (UC indicated a latex allergy); and

    3. Driving to the agreed upon location to meet the UC in order to engage in sexual activity with her.

During a post-*Miranda* interview, Dowell admitted that he used his cellular phone to communicate with the UC and that the devices were in the truck – along with a handgun. He admitted he had a sexual conversation with the UC after she had told him she was a minor. He also admitted driving to the agreed upon location with the intent to have sex with the UC.

    Certainly, as set out in the Indictment, Dowell used the 2007 Ford Ranger Super Cab VIN 1FTYR15E77PA58806 to commit the charged offense of attempting to entice a minor. The forfeiture statue covers his truck.

    The United States includes forfeiture allegations in all indictments where a statute allows for forfeiture based on a defendant's criminal conduct. The specific types of property, (*e.g.*, real or personal (including automobiles, cash, aircraft, boats, and the like)), included in the forfeiture notice depends on how the defendant committed the crime as well as the value of the property noticed for forfeiture. For example, an automobile with a lien that surpasses the value will not be pursued. And, in one instance, a piece of real property that was determined to require a substantial amount of money to remove lead paint, was released from the forfeiture proceedings. The United States must always be aware of the property's value. The value of the property subject to forfeiture cannot exceed the amount of available financial sanctions, lest it run afoul of the Eighth Amendment. And, the existence of any innocent third party with an interest in the property must be considered.

    Criminal forfeitures are subject to the Excessive Fines Clause of the Eighth Amendment. *See Austin v. United States,* 509 U.S. 602, 610 (1993). Where the government seeks to punish the defendant by an *in personam* criminal forfeiture, as opposed to initiating a civil in rem

proceeding, the contours of the defendant's Eighth Amendment rights are defined by the "proportionality" test. *United States v. Bajakajian,* 524 U.S. 321, 334, (1998) (explaining that "[t]he amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish"). A forfeiture order is considered unconstitutional "if it is grossly disproportional to the gravity of a defendant's offense." *Id.*

In the case at bar, the statutory maximum fine is $250,000.00. As noted in the PSR, the recommended fine range under the U.S.S.G. is $25,000.00 to $250,000.00. The 2007 truck is not valued more than the recommended fine range. Therefore, forfeiture of the truck would not violate the Excessive Fines Clause of the Eighth Amendment.

## CONCLUSION

For the reasons set forth more fully herein, the United States respectfully requests the Court to impose a sentence of 10 years' imprisonment followed by a 10-year term of Supervised Release. Additionally, the Preliminary Order of Forfeiture should be entered.

                Respectfully submitted,

                MICHAEL A. BENNETT
                Acting United States Attorney

                /s/ *Jo E. Lawless*
                Jo E. Lawless
                Assistant United States Attorney
                717 West Broadway
                Louisville, Kentucky 40202
                (502) 625-7065
                Fax (502) 582-5097

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent *via* electronic transmission to defense counsel on March 29, 2021.

                                      /s/ *Jo E. Lawless*
                                      Jo E. Lawless
                                      Assistant United States Attorney