UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CASE NO. 3:20 cr 47

UNITED STATES

V.

MELVIN ANTHONY DOWELL

### NOTICE OF DEFENDANT'S OBJECTION TO FORFEITURE OF PICK-UP TRUCK

Comes the Hon. Wallace N. Rogers, and on behalf of his client Melvin Dowell, states his Objections to the government's Motion of Forfeiture regarding Mr. Dowell's Ford Pick-Up Truck. Defendant's Objections are stated specifically as follows.

### Defendant's Statements of Facts

The vehicle in question, a Ford Pick-Up Truck, was used my Mr. Dowell to drive to a location where he was supposed to meet with a non-existent teen age female. Upon his arrival, Mr. Dowell was met and arrested by the law enforcement officers who had set up the sting operation. He subsequently submitted to questioning and confessed to commission of the offenses to which he has pled guilty.

## The Vehicle Was Not Used In Commission

## Of Any Of The Crimes To Which Mr. Dowell Pled Guilty

In the Government's Sentencing Memorandum under section VI – Forfeiture, at page 7, the U. S. Attorney acknowledges that forfeiture "depends on how the defendant committed the crime".

Mr. Dowell pled guilty to the offenses of: (1) Attempted Online Enticement of a Minor and (2) Attempted Transfer of Obscene Material to a Minor. Mr. Dowell in no way used his truck to commit either of these offenses to which he pled guilty. These crimes were committed entirely via the internet and the truck was not used in any way to perpetrate these offenses.

The truck was not used in any manner such as, a getaway vehicle from a crime scene, a vehicle used to transport him to commit the crime with which he was charged, or in transportation of any illegal contraband. At the top of Page 7 of the Government's Sentencing Memorandum, they state that Mr. Dowell drove his Pick Up Truck "to the agreed upon location to meet the UC in order to engage in sexual activity with her".

However, the Government completely ignores the fact that Mr. Dowell could never have achieved his objective of engaging in sexual activity with the UC because the UC never actually existed in the real world and was in fact a police officer operating a sting operation.

This scenario is liken to a situation where Mr. Dowell would have driven to the police station to meet with officers to submit to an interrogation about the offenses with which he was charged. If he had driven to the police station and confessed as he did when he met with officers at the sting location, his truck would not be subject to forfeiture.

Since Mr. Dowell could never have actually consummated the criminal act of engaging in sexual activity with the UC, his truck was not used in any way in the <u>actual commission of the offenses</u> with he pled guilty and therefore it should not be subject to forfeiture.

## Government's Motion for Forfeiture Should Not Be Granted because it would Impinge Upon the Rights Of An Innocent Party

In the Sentencing Memorandum, the government recognizes at Page 7, that: "And, the existence of any innocent third party with an interest in the property must be considered."

Ms. Dorothy Dowell, Mr. Dowell's wife, has a statutory interest in the Pick Up Truck by virtue of the truck being an item of marital property. There is no evidence that Ms. Dowell had any knowledge of Mr. Dowell's illegal internet activities and thus she is an "innocent party" who has an interest in the truck.

To grant the Government's Motion for Forfeiture of the truck would deprive Ms. Dowell of her property interest in the vehicle. Ms. Dowell has asked me to plead to the Court that the truck be returned to her based on her marital property interest. Ms. Dowell is currently attempting to maintain the operation of the farm on which she and Mr. Dowell resided and the use of the truck in those activities would be of great value to her. At the very least, Ms. Dowell should be entitled to be paid one half (1/2) of the market value of the truck as that is what she would be entitled to claim as her marital property interest.

## CERTIFICATE

I hereby certify that a copy of the foregoing was transmitted via electronic mail to the U. S. District court and a copy mailed this 15th day of April 2021, to: United States Attorney's Office, Attn: Hon. Jo Lawless, 717 West Broadway, Louisville, Ky. 40202

Respectfully submitted,

s/Wallace N. Rogers
**WALLACE N. ROGERS**
TURNER COOMBS & MALONE, LLC
440 South Seventh St.
Suite 300
Louisville, Ky. 40203
Phone:     (502) 584 - 6375
FAX:        (502) 585 – 3861
E-mail:     rogers@tcmlegal.com