UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | CRIMINAL ACTION NO. 3:20CR47-DJH |
| MELVIN DOWELL | DEFENDANT |

*Electronically filed*
**REPLY TO DEFENDANT'S MOTION REGARDING
MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, in reply to the Melvin Dowell's response to the motion for Preliminary Order of Forfeiture, and states as follows:

A. Statutory authority for forfeiture

Dowell pled guilty to the attempted online enticement of a minor, in violation of 18 U.S.C. § 2422(b). Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense is subject to forfeiture. 18 U.S.C. § 2428.

As noted in the United States' Sentencing Memorandum, when a defendant (like Dowell), is charged with attempted online enticement of a minor, the United States must prove, as elements of the offense, that the defendant intended to commit the crime of enticement and that the defendant did some overt act that was a substantial step towards committing the crime of enticement. *See* Sixth Circuit Pattern Jury Instructions 5.01 (2017). Merely preparing to commit a crime is not a substantial step. *Id*.

In the case at bar, the substantial steps taken by Dowell included, at the least, the following:

1. Communications over the course of 16 days during which Dowell sent a sexually explicit image of himself to the UC while discussing sexual activity between the two;

2. Purchasing and bringing non-latex condoms to the meeting location as discussed during the online communications (UC indicated a latex allergy); and

3. Driving to the agreed upon location to meet the UC in order to engage in sexual activity with her.

During a post-*Miranda* interview, Dowell admitted that he used his cellular phone to communicate with the UC and that the devices were **in the truck** – along with a handgun. He admitted he had a sexual conversation with the UC after she had told him she was a minor. He also admitted **driving to the agreed upon location with the intent to have sex with the UC**.

Dowell's contention that he could never have achieved his objective of engaging in sexual activity with a minor because the person with whom he was communicating was an undercover law enforcement official has no legal bearing on the issue of forfeiture. Moreover, it advances a false legal theory. The statute, 18 U.S.C. § 2422(b), covers actual online enticement of a minor as well as the "attempt" to do so. The attempt portion of the statute is utilized when, as here, law enforcement is the person with whom the defendant communicates.

Because there was no real minor in this case, Vinton was charged with *attempting* to persuade a minor. *United States v. Vinton*, 946 F.3d 847, 852 (6th Cir. 2020). To prove attempt, the government must show the following two elements: (1) the defendant intended to persuade or entice a minor to participate in unlawful sexual conduct; and (2) the defendant took a substantial step toward persuading or enticing a minor. *Id.* (citing *United States v. Roman*, 795 F.3d 511, 517 (2015). Traveling to meet to meet the minor is a substantial step under § 2422(b), if paired with the requisite intent. *Id.*

Dowell clearly used the 2007 Ford Ranger Super Cab VIN 1FTYR15E77PA58806 to commit the charged offense of attempting to entice a minor.   The forfeiture statue covers his truck.

B.  Innocent owner claim

Dowell next claims that a Preliminary Order of Forfeiture is inappropriate because it would infringe on the interests of a purported innocent third party. Dowell's position on this issue ignores the United States' motion and statutory authority cited therein.

> The Preliminary Order of Forfeiture begins the process of collecting the property authorized by the plea agreement.  The proposed order sets out the facts justifying the forfeiture of defendant's property, permits the United States Marshals Service, or any duly authorized law enforcement agency to secure the property, and describes the procedure governing the ancillary proceedings in which innocent third parties may assert ownership claims to the forfeited property.  21 U.S.C. § 853;  Fed. R. Crim. P. 32.2.  Until the Court enters a preliminary order of forfeiture, the law prevents third parties from defending their interests in the forfeited property.  21 U.S.C. § 853(k).

(DN 41 at 1). Entry of the Preliminary Order of Forfeiture does not impede a third party's rights, it protects them.

## CONCLUSION

The Preliminary Order of Forfeiture should be entered.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
Fax (502) 582-5097

3

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent *via* the Court's ECF system to defense counsel on April 27, 2021.

                                        /s/ *Jo E. Lawless*
                                        Jo E. Lawless
                                        Assistant United States Attorney