UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:20-cr-47-DJH |
| MELVIN DOWELL, | Defendant. |

\* \* \* \* \*

### **ORDER**

Defendant Melvin Dowell pleaded guilty in this case to attempted online enticement of a minor and attempted transfer of obscene matter to a minor. (Docket No. 34; *see* D.N. 1)  For purposes of his guilty plea, Dowell admitted that he arranged via email and text message to meet someone he believed was a fifteen-year-old girl (actually an undercover officer) for sex, and that on August 30, 2019, he drove a Ford Ranger pickup truck to a location in Elizabethtown, Kentucky, for that purpose. (D.N. 32, PageID # 52-53)  The United States moves for entry of a preliminary order of forfeiture as to the pickup truck. (D.N. 41)  Dowell opposes the motion, arguing that the truck should not be subject to forfeiture because he "in no way used the truck to commit either of the[] offenses to which he ple[aded] guilty" and that forfeiture of the truck would harm his wife, an innocent third party who has an interest in the truck. (D.N. 47, PageID # 137; *see id.*, PageID # 139)  For the reasons explained below, the Court will grant the government's motion.

### I.

The United States seeks forfeiture of the truck pursuant to 18 U.S.C. § 2428, which requires the Court to order that any person convicted of violating the enticement statute (among others) "shall forfeit to the United States . . . such person's interest in any property, real or

1

personal, that was used or intended to be used to commit or to facilitate the commission of such violation." § 2428(a)(1); *see* § 2428(b)(1) (providing that "[a]ny property, real or personal, used or intended to be used to commit or to facilitate the commission of any violation of [18 U.S.C. §§ 2421 et seq.]" "shall be subject to forfeiture to the United States and no property right shall exist in" it). (*See* D.N. 48, PageID # 142; D.N. 1, PageID # 2)  Attempted enticement consists of two elements: "(1) the defendant intended to persuade or entice a minor to participate in unlawful sexual conduct; and (2) the defendant took a substantial step toward persuading or enticing a minor." *United States v. Vinton*, 946 F.3d 847, 852 (6th Cir. 2020) (citing *United States v. Roman*, 795 F.3d 511, 517 (6th Cir. 2015)).  The Sixth Circuit has found "traveling to meet the minor" to constitute a "substantial step[]" for purposes of this offense, "if paired with the requisite intent to persuade or entice a minor." *Id.* (citing *United States v. Harmon*, 593 F. App'x 455, 465 (6th Cir. 2014)).  Here, Dowell has admitted that he drove the Ford Ranger to the meeting location with the intent to have sex with a minor. (*See* D.N. 32, PageID # 53)  The Court therefore finds that the truck was "used . . . to commit or to facilitate the commission of" Dowell's enticement offense and thus is subject to forfeiture.  § 2428(b)(1); *see* Fed. R. Crim. P. 32.2(b)(1)(A); *Vinton*, 946 F.3d at 842.

To the extent Dowell raises concerns about a third party's interest in the truck, those concerns are premature: the preliminary order of forfeiture must be entered "without regard to any third party's interest in the property[;] [d]etermining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(2)(A).  Any interest Dowell's wife has in the truck will be determined if and when she makes a claim in the ancillary proceeding.

3

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion for preliminary order of forfeiture (D.N. 41) is **GRANTED**. The preliminary order of forfeiture will be entered separately.

January 12, 2022

David J. Hale, Judge
United States District Court